**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**WILLIAM DAVID YOUNG, III**                                                         **PETITIONER**

v.                         **Case No. 3:19-cv-00194-LPR**

**HOWARD FORD INC,** *doing business as*                         **RESPONDENT**
**Ford of West Memphis**

**ORDER**

      Plaintiff William David Young, III filed a Complaint against Defendant Howard Ford, Inc. on July 8, 2019 alleging unlawful employment discrimination based on age. (Doc. 1). The Court entered a Final Scheduling Order (Doc. 12) that set the deadline for dispositive motions as May 18, 2020. Defendant met that deadline when it filed a Motion for Summary Judgment, Brief, and Statement of Facts on May 18, 2020. (Docs. 16-18). Mr. Young's Response was due on June 1, 2020. Mr. Young did not respond at that time. Defendant's Status Report also identified issues with getting in touch with counsel for Mr. Young. (Doc. 19).

      On June 2, 2020, a day after the deadline, Mr. Sessions, counsel for Mr. Young, emailed the Court and opposing counsel that Mr. Young needed a short extension of time to respond to Defendant's Motion for Summary Judgment. The Court instructed Mr. Sessions to formalize Mr. Young's request by filing a motion with the Court and explaining what, if any, good cause existed for the extension. Mr. Sessions responded that he would file a motion for an extension of time. As of the date of this Order, Mr. Young has not filed such a motion (or anything else since participating in the Rule 26(f) Report filed on September 16, 2019). Accordingly, the Court orders Mr. Young to file all the necessary summary judgment response documents, attached to a motion

asking for leave to do an act out of time.  Mr. Young's motion must explain what, if any, excusable neglect exists for his failure to timely file responsive summary judgment submissions.  *See* FED. R. CIV. P. 6(b)(1)(B).

If Mr. Young fails to do so by June 23, 2020, the Court will construe Mr. Young's inaction as a failure to prosecute, and the Court will thus dismiss this case.  *See* FED. R. CIV. P. 41(b); *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006) (maintaining that a district court may dismiss an action sua sponte when a plaintiff fails to comply with a court order); *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (stating that district courts may sua sponte dismiss a case for failure to prosecute).

IT IS SO ORDERED this 16th day of June 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE